Ford, Clerk, v. Stone, Auditor.

---

CASE 76—AGREED CASE—December 15.

## Ford, Clerk v. Stone, Auditor.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. CIRCUIT CLERKS—COMPENSATION—STATUTORY CONSTRUCTION.— The penalty of 10 per cent provided by sec. 4091 of the Kentucky Statutes, as attaching to unpaid taxes, does not come within the scope, or meaning, of fines and forfeitures, as provided in sec. 1721, allowing circuit clerks part thereof as compensation.

W. S. PRYOR FOR APPELLANT.

1. The language of sec. 1721 is plain and unambiguous, and it was evidently the intention of the Legislature that the clerk should have the compensation therein named upon fines and forfeitures paid into the State treasury without regard to whether the proceeding was by indictment or by civil action in the name of the Commonwealth.

THOS. B. FORD, OF COUNSEL ON SAME SIDE.

W. S. TAYLOR FOR APPELLEE.

1. It was only intended by sec. 1721 to allow circuit clerks 10 per cent of fines and forfeitures imposed for the violation of penal statutes. The 10 per cent. and the 10 per cent. interest was due

Ford, Clerk, v. Stone, Auditor.

the Commonwealth the moment the delinquency existed just as much as was the original tax, and it would have been the duty of the auditor to have collected the same even if the tax-payer had settled before the institution of the suit.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of the Franklin Circuit Court upon an agreed state of facts. From the agreed facts we learn that the Commonwealth of Kentucky, by the attorney-general, instituted a suit in the Franklin Circuit Court on the 16th day of March, 1897, against the Louisville Water Co. for the recovery of taxes due the Commonwealth by said company in the sum of $4,208.98, and ten per cent. penalty on said sum for its failure to pay said taxes according to law. Said company was duly summoned, and that thereafter, on the 17th day of May, 1897, the said company did pay to said W. S. Taylor, attorney-general, $4,208.92 and ten per cent. penalty, amounting to $420; that this money was paid into the treasury by said attorney-general, and of this sum the appellant, Ford, claims the sum of $42, being the amount he claims to be due him under section 1721 of Kentucky Statutes, which reads as follows: "As additional compensation for services in Commonwealth cases each circuit clerk shall receive from the State treasury ten per cent. of the amount of all fines and forfeitures recovered in their respective courts and paid into the State treasury, but not until so paid in."

It appears that this section allows to circuit clerks ten per cent. of fines and forfeitures recovered in the circuit courts of which they are clerks. It does not appear that there ever was a judgment rendered in the Franklin Circuit

Court for the recovery of the taxes, penalty or fine as provided by section 4091 against the Louisville Water Co.

We are of opinion that the penalty of ten per cent. provided by section 4091 of Kentucky Statutes, as attaching to taxes unpaid, does not come within the scope or meaning of fines or forfeitures as provided in section 1721 allowing clerks part thereof as compensation.

Wherefore, the judgment of the circuit court is affirmed.